```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-81460-CIV-RYSKAMP
                              MAGISTRATE JUDGE P.A. WHITE
```

TIMOTHY HALL,                     :

    Plaintiff,                    :

v.                                :    PRELIMINARY REPORT OF
                                                         MAGISTRATE JUDGE

CAPTAIN STALING, et al           :

    Defendants.                   :
_____

## I. Introduction

Timothy Hall, confined at the Palm Beach County Jail, has filed a *pro se* civil rights complaint (DE#1) and two amended complaints (DE#5& 11).

The plaintiff has filed seven *pro-se* civil rights cases in this Court. The plaintiff, who states he has been in multiple comas, and is taking at least three different medications for psychiatric problems, has been filing piecemeal litigation which is difficult to understand.

The plaintiff alleged in his initial complaint that he was beaten by Palm Beach County Officers Staling, Bennet and Cardaropli[1], who are apparently part of a "punisher crew". He also stated he was on a medical wing, but not receiving medical treatment. He does not give further facts as to this claim (DE#1). He filed an unsolicited amended complaint (DE#5) in which is

---

[1] Officer Cardaropli was not named in the second amended complaint and is therefore not discussed in this Report, and will not be served.

apparently alleging retaliation, although he states no reason why he is being retaliated against. He names Captain Staling, et al., and it is difficult to determine the defendants named in the amended complaint. The plaintiff was ordered to file one complete amended complaint, to cure the deficiencies of his complaints as filed.

The plaintiff's second amended complaint (DE#11) is before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;

2

>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are

construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009)(citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." <u>Id.</u> Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." <u>Id.</u> The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." <u>Id.</u> When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. <u>Id</u>.

In the second amended complaint (DE#15), which is disjointed and difficult to understand, the plaintiff names Captain Staling, as the Supervisor on the night in question, Sgt. Bennet, the Warden and the Palm Beach County Sheriff's office.

He essentially claims that Captain Staling is subject to liability as supervisor, Sgt. Bennet, who is part of the "punishment crew" punched and kicked him, and that the Palm Beach

4

County Sheriff's office has held him in a locked cell for 24 hours a day with a bright light "like Super Max", in retaliation for filing this suit. Although not restated in this complaint, the plaintiff was initially seeking twenty million dollars.

The Palm Beach County Sheriff's Department is not amenable to suit because it is not a person within the meaning of §1983 and also may not be held liable in a civil rights suit for damages. Although certain governmental entities can under some circumstances be deemed "persons" within the meaning of §1983, under Florida law neither a Sheriff's Department nor a police department is a governmental body. They have no status as a legal entity and therefore cannot sue or be sued. See <u>Dean v. Barber</u>, 951 F.2d 1210 (11 Cir. 1992). If the Sheriff's Department were considered as an arm of the County, the plaintiff must demonstrate that a constitutional deprivation resulted from a custom, policy or practice of the County. <u>Monell v Dept. Of Social Services</u>, 436 US 691-694 (1978). The plaintiff has demonstrated no policy of custom used to deprive him of his constitutional rights.

Captain Staling, and the Warden are named in their supervisory capacity. The plaintiff has made no specific allegations of personal involvement in the constitutional deprivations alleged in the complaint by the Warden. The plaintiff has named him as a defendant solely because he holds a supervisory position.

It has long been established that public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. <u>Robertson v. Sichel</u>, 127 U.S. 507 (1888); <u>Byrd v. Clark</u>, 783 F.2d 1002, 1008 (11 Cir. 1986); <u>Jasinski v. Adams</u>, 781 F.2d 843 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of <u>respondeat superior</u> in a

§1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978). Supervisory liability requires a causal connection between actions of the supervisory official and an alleged deprivation [for example, a showing of knowledge of a history of abuses and failure to take corrective action]. Byrd v. Clark, supra at 1008.

As to Captain Staling, the plaintiff states that he was the supervisor on the night in question and thereby subject to supervisory liability. This is not correct, as stated above. However, he states that Captain Staling entered his cell with other officers and stood with his arms folded, apparently while he was assaulted. This satisfies a claim against Captain Staling.

### III. Recommendation

It is recommended as follows:

1. The complaint be dismissed against the Warden and the Palm Beach County Sheriff's Office for failure to state a claim.

2. The case proceed against Officers Staling and Bennet for unlawful force, and the second amended complaint (DE#15) is the operative complaint. Service will be ordered by separate order.

Objections to this Report shall be filed within fourteen days following receipt.

Dated this 6th of January, 2010.

                                              UNITED STATES MAGISTRATE JUDGE

cc: Timothy Hall, Pro Se
    West Palm Beach Jail
    0114816
    PO Box 24716
    West Palm Beach, FL